UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 99-4315

LAWRENCE E. MURCHINSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-97-313)

Submitted: October 20, 1999

Decided: November 8, 1999

Before WILKINS and WILLIAMS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin F. Brooks, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, S. David Schiller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lawrence E. Murchinson was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C.A.§ 922(g)(1) (West Supp. 1999) and was sentenced to 180 months imprisonment. On appeal, Murchinson alleges that his Sixth Amendment right to a speedy trial was violated and that he was improperly sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e) (West Supp. 1999), and U.S. Sentencing Guidelines Manual § 4B1.4 (1997).

We have reviewed the facts in this case within the framework of the factors set out in Barker v. Wingo, 407 U.S. 514, 530 (1972), and find no violation of Murchinson's Sixth Amendment right to a speedy trial. With respect to Murchinson's argument that the court sentenced him improperly pursuant to the ACCA because it inappropriately considered two prior state convictions for statutory burglary and because he did not receive pretrial notice of the applicability of the ACCA, we also find both of these arguments without legal merit. See Taylor v. United States, 495 U.S. 575, 599 (1990) (holding that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime); United States v. O'Neal, 180 F.3d 115, 125 (4th Cir. 1999) (holding that pretrial notice of the applicability of the ACCA is not required and that a listing of the convictions in the presentence report is more than adequate).

Accordingly, we affirm Murchinson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED